IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 6:18-cr-0065-MC; |
| | Case No. 6:20-cr-00062-MC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **STANLEY CARL GREEN,** | |
| Defendant. | |

_____

**MCSHANE, Judge**:

Defendant Stanley Carl Green moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sent. 1, ECF No. 57. Because Mr. Green failed to demonstrate extraordinary and compelling reasons justifying compassionate release, and failed to demonstrate he is not a danger to the community, his motion is DENIED.

## STANDARDS

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

(i) extraordinary and compelling reasons warrant such a reduction; or

1 – OPINION AND ORDER

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    (iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

    Congress intended that the Sentencing Commission ultimately define "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). But "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). U.S.S.G. § 1B1.13(2) advises courts against reducing the sentences of defendants who would endanger the community. *See United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash Apr. 8, 2021) (concluding that consideration of the guideline statement is appropriate when considering a motion for compassionate release).

## DISCUSSION

    The Court sentenced Mr. Green to a total of 140 months. Case No. 6:18-cr-0065-MC, J. 1-2, ECF No. 51; Case No. 6:20-cr-00062-MC, J. 1-2, ECF No. 14. Mr. Green received 120 months for three separate counts of Bank Robbery and 20 months (to be served consecutive to the 120–month sentence) for one count of Transmitting a Communication Containing a Threat to Injure. *Id*. Mr. Green has served approximately 80 months of his sentence and has a projected release date of November 8, 2026. *See* Gov. Resp. Def.'s Mot. 4, ECF No. 23. He now requests

2 – OPINION AND ORDER

compassionate release from Bureau of Prisons (BOP) custody at FCI Sheridan in Sheridan, Oregon. *Id.*

The primary criterion for granting compassionate release is the existence of extraordinary and compelling circumstances; Mr. Green failed to meet this burden. Mr. Green is 62 years old and suffers from kidney disease and has a knee that needs to be replaced. Def.'s Mot. 2. While these health concerns are serious, they are not enough to meet the high standard of extraordinary and compelling circumstances. Mr. Green's allegations of insufficient medical care fail to meet the standard for compassionate release as the BOP has taken steps to address Mr. Green's kidney disease with the approval of a nephrology consultation. Gov.'s Resp. 6. Additionally, during at least two medical appointments, Mr. Green has indicated that he would like to wait until his release to undergo knee replacement surgery. Def.'s ex. D, 2 (Mr. Green "wants to wait until he gets out" for recommended total knee arthroplasty), 134 (same). Due to the BOP taking steps to address Mr. Green's kidney disease and his wish to wait until he is released to receive a knee replacement, his allegations of insufficient medical care do not support granting compassionate release. *See* Def.'s ex. D, 44 (Mr. Green refused treatment for his knee in September 2023).

Mr. Green also claims that he fears retaliation from having publicly reported the alleged medical neglect that he witnessed at FCI Sheridan. Def.'s Mot. at 10. While the Court recognizes the gravity of what Mr. Green has witnessed, this does not warrant compassionate release. Mr. Green has not proffered any evidence that would suggest he is being retaliated against for his cooperation in a civil action against the prison.  Mere unsupported allegations regarding the threat of possible retaliation in the future are not enough to convince the Court that Mr. Green is in danger of facing retaliation at FCI Sheridan.

Even if the Court were to find extraordinary and compelling reasons to grant compassionate release, it would still deny Mr. Green's motion due to the seriousness of his offenses. Mr. Green was convicted of three separate counts of Bank Robbery and one count of Transmitting a Communication Containing a Threat to Injure. Case No. 6:18-cr-00135-MC-1, J. 1-2; Case No. 6:20-cr-00062-MC-1, J. 1-2. During one of these robberies, Mr. Green brandished a boxcutter and during another robbery, he brandished what appeared to be a pistol. Case No. 6:18-cr-00135-MC-1, U.S. Sent'g Mem. 2, ECF No. 20. Reducing Mr. Green's sentence would undermine the seriousness of the offenses, respect for the law, and any afforded deterrence.

Finally, while the Court commends the steps Mr. Green's has taken towards rehabilitation, these efforts are not a sufficient basis for granting compassionate release at this time. Although Mr. Green has made significant progress towards rehabilitation during his incarceration, the Court is convinced that rehabilitation is the very aim of the sentence that was imposed on him and granting compassionate release on these grounds would upset the 18 U.S.C. § 3553(a) factors. Beyond Mr. Green's most recent offenses, his record consistently indicates a tendency towards criminality and recidivism during previous releases. Def's Mot. at 10. The escalatory behavior and criminality that Mr. Green has exhibited over the past several decades gives the Court cause for concern. In the past, Mr. Green has engaged in theft, mail fraud, previous robberies, violation of protection orders, escape from confinement, and absconding from supervision. *Id.* Considering Mr. Green's extensive criminal history and recidivist tendencies, the Court finds that Mr. Green, and the community, will benefit from his continued treatment under the services offered by the BOP for the remainder of his sentence.

/ / / /

/ / / /

**CONCLUSION**

Mr. Green's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of August, 2024.

**/s/ Michael McShane**
Michael J. McShane
United States District Judge